Matter of Stine (Partnership for Response & Recovery, LLP--Commissioner of Labor) (2020 NY Slip Op 02692)





Matter of Stine (Partnership for Response & Recovery, LLP--Commissioner of Labor)


2020 NY Slip Op 02692


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

528900

[*1]In the Matter of the Claim of Mary K. Stine, Respondent. Partnership for Response and Recovery, LLP, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Hunton Andrews Kurth LLP, New York City (Joseph J. Saltarelli of counsel), for appellant.
Catherine A. Barber, Guilderland, for Mary K. Stine, respondent.



Devine, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 4, 2018, which ruled, among other things, that Partnership for Response and Recovery, LLP was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Partnership for Response and Recovery, LLP (hereinafter PaRR) contracted with the Federal Emergency Management Agency to provide home inspection services to homeowners seeking to qualify for financial assistance in federally-declared disaster areas. It retained claimant and other individuals with knowledge and skills in the construction field to conduct these home inspections. From November 2012 through April 2013, claimant was assigned by PaRR to inspect homes that were damaged by Hurricane Sandy. After these assignments ended, she applied for unemployment insurance benefits. This prompted an inquiry by the Department of Labor into the employment status of claimant and other similarly situated home inspectors. The Department issued initial determinations finding that claimant was an employee and eligible to receive benefits, and that PaRR was liable for additional unemployment insurance contributions on renumeration paid to her and other similarly situated home inspectors. Following a hearing, an Administrative Law Judge overruled these determinations. The Unemployment Insurance Appeal Board reversed this decision, concluding that an employment relationship existed, finding claimant eligible to receive benefits and assessing PaRR for additional contributions. PaRR appeals.
In Matter of Jensen (Partnership for Response & Recovery, LLP-Commissioner of Labor) (178 AD3d 1258, 1260 [2019]), this Court affirmed the Board's findings that persons performing home inspection services for PaRR, during the same time period and under independent contractor agreements similar in all relevant respects to that entered into by claimant here, were employees entitled to receive unemployment insurance benefits for whom PaRR was liable for additional contributions. The same indicia of control noted in Jensen are present here, namely, the provision of training and an identification badge, establishment of the per inspection pay rate, reimbursement of travel expenses to the disaster site and maintenance of quality review, to name a few. Accordingly, we find that substantial evidence supports the Board's decisions (see id.; Matter of Tauscher Cronacher PE PC [Commissioner of Labor], 148 AD3d 1491, 1492-1493 [2017], lv denied 29 NY3d 917 [2017]).
Lynch, J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.