Matter of Kassens (Partnership for Response & Recovery, LLP--Commissioner of Labor) (2022 NY Slip Op 00700)





Matter of Kassens (Partnership for Response & Recovery, LLP--Commissioner of Labor)


2022 NY Slip Op 00700


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

528902
[*1]In the Matter of the Claim of Rochelle A. Kassens, Respondent. Partnership for Response and Recovery, LLP, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Hunton Andrews Kurth LLP, New York City (Julie M. Peters of Hunton Andrews Kurth LLP, Washington, DC, of counsel, admitted pro hac vice), for appellant.
Amanda FiggsGanter, Albany, for Rochelle A. Kassens, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 11, 2019, which ruled, among other things, that Partnership for Response and Recovery, LLP was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Partnership for Response and Recovery, LLP (hereinafter PaRR) had a contract with the Federal Emergency Management Agency to coordinate home inspection services in federally-declared natural disaster areas for homeowners seeking to qualify for federal government assistance. Following Hurricane Sandy, PaRR deployed claimant as a home inspector in New York from October 2012 until April 2013. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board, in two decisions, adopted the findings of facts and opinion of the Administrative Law Judge, finding, among other things, that an employer-employee relationship existed between PaRR and claimant, that claimant was entitled to benefits and that PaRR was liable for additional contributions on remuneration paid to claimant and others similarly situated. PaRR appeals.
In Matter of Stine (Partnership for Response & Recovery, LLP-Commissioner of Labor) (183 AD3d 973 [2020]) and Matter of Jensen (Partnership for Response & Recovery, LLP-Commissioner of Labor) (178 AD3d 1258 [2019], lv dismissed 35 NY3d 1072 [2020]), this Court affirmed the Board's findings that individuals utilized by PaRR to perform home inspection services, during the same time period and under materially indistinguishable circumstances, were employees entitled to unemployment insurance benefits and for whom PaRR was liable for additional contributions. Notably, these two prior decisions encompassed the Board's finding as to "others similarly situated." Here, PaRR exerted that same indicia of control as found in those prior cases, including, among other things, providing training and an identification badge, setting the rate of pay and conducting quality control reviews. Accordingly, as in the prior matters, substantial evidence supports the Board's decisions (see id.; Matter of Tauscher Cronacher PE PC [Commissioner of Labor], 148 AD3d 1491, 1492-1493 [2017], lv denied 29 NY3d 917 [2017]).
Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.